IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| ALEKSANDER L. YUFA,<br><br>    Plaintiff,<br><br>  v.<br><br>MET ONE INSTRUMENTS, INC.,<br>and DOE 1-10,<br><br>    Defendants. | Civ. No. 1:08-cv-3016-CL<br><br>REPORT & RECOMMENDATION |

CLARKE, Magistrate Judge.

This matter comes before the court on motions (#66) by Defendant Met One Instruments, Inc. ("Met One"). Met One moves to dismiss Plaintiff's claim for emotional distress and to strike the Doe Defendants from the caption, or in the alternative to dismiss all claims against the Doe Defendants. Met One also moves for a more definite statement of the remaining claims. For the reasons stated below, Met One's motions to dismiss the emotional distress claim and to strike the Doe Defendants from the caption should be GRANTED, and Met One's motion for a more definite statement of the remaining claims should be DENIED.

///

## BACKGROUND

Plaintiff Yufa brings claims infringement of U.S. Patent Nos. 6,346,983 ("'983 patent") and 6,034,769 ("'769 patent") against Defendant Met One. The original complaint was filed in February 2008, and the case was stayed pending reexamination of the '983 patent, which was requested by a third party. Reexamination Certificates were issued for both patents, certifying claims 6-8 of the '983 patent, and claims 1, 3-6 of the '769 patent.

In his First Amended Complaint, Yufa claims that defendants have infringed directly and indirectly on both patents, and he claims that he has suffered "emotional distress."

## DISCUSSION

### I. Emotional Distress Claim should be dismissed without prejudice

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).[1] Pro se pleadings are held to "less stringent standards than pleadings drafted by lawyers." Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003) (*citing* Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594 (1972)). The court must construe the allegations liberally and afford the plaintiff the benefit of the doubt. *See* Bernhardt v. Los Angeles Cnty., 339 F.3d 920, 925 (9th Cir. 2003) (internal citations omitted); Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The

---

[1] The Court of Appeals for the Federal Circuit recently held that the pleading standards of Twombly and Iqbal do not apply to claims of direct patent infringement, so long as the pleading complies with Form 18. In re Bill of Lading Transmission & Processing Sys. Patent Litig., 681 F.3d 1323, 1336 (Fed. Cir. 2012). Form 18 does not cover any other types of claims, however, and so the plaintiff's claims for indirect infringement and emotional distress are subject to the established pleading standards.

Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (*citing* Boag v. MacDougall, 454 U.S. 364, 365, 102 S.Ct. 700 (1982)). However, a pro se complaint must still satisfy the pleading requirements of Rule 8.

If the court dismisses the claim, it must then decide whether to grant leave to amend the complaint. Leave to amend should be granted unless it is clear that the complaint cannot possibly be cured by the allegation of other facts. Lucas v. Dep't of Corrs., 66 F.3d 245, 248 (9th Cir. 1995); *see also* Fed. R. Civ. P. 15(a) ("leave [to amend] is to be freely given when justice so requires"). The court must also consider whether granting leave to amend will result in undue prejudice to the opposing party, is sought in bad faith or for a dilatory motive, is futile, or creates undue delay. Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1052 (9th Cir. 2001).

Plaintiff's First Amended Complaint alleges that "TSI has caused the emotional distress of the Plaintiff, by misrepresenting Plaintiff's achievements as the Defendant's achievements and, as a result, the damage in the amount specified/assessed by the Court." Similarly it alleges that "USA has caused the emotional distress of the Plaintiff, by misrepresenting Plaintiff's achievements as the Defendant's achievements and, as a result, the damage in the amount specified/assessed by the Court."

Under Oregon law, a plaintiff claiming intentional infliction of emotional distress must set forth facts demonstrating the following elements: (1) the defendant intended to inflict severe emotional distress on the plaintiff, (2) the defendant's acts were the cause of the plaintiff's severe emotional distress, and (3) the defendant's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct. McGanty v. Staudenraus, 321 Or. 532, 543, 901 P.2d 841, 849 (1995) (*quoting* Sheets v. Knight, 308 Or. 220, 236, 779 P.2d 1000, 1009 (1989)).

Leaving aside the issue of the plaintiff's claimed typographical errors that misstate the defendant's identity, even when construed as liberally as possible the plaintiff's claim does not comply with Rule 8. He has not alleged that defendant intentionally caused plaintiff's emotional distress, or that plaintiff's emotional distress was severe, or that defendant's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct. However, it is not clear that the deficiencies in the complaint cannot be cured by an amendment, and Met One has not alleged that such an amendment will be futile or result in undue prejudice or delay. Therefore, the plaintiff should be given leave to amend his complaint in order to state a claim for intentional infliction of emotional distress under Oregon Law. If the plaintiff is given leave to amend, he should be instructed to follow the Federal Rules of Civil Procedure and the case law, which demand the plaintiff plead sufficient factual matter and not mere conclusory statements of the defendant's liability.

## II. Motion to Strike the Doe Defendants

"The court may strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). The decision whether to grant a motion to strike is within the broad discretion of the district court. Stanbury Law Firm v. IRS, 221 F.3d 1059, 1063 (9th Cir. 2000). As a general rule, the use of fictitious Doe defendants is not favored in federal court. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Bogan v. Keen Corp., 852 F.2d 1238, 1239 (9th Cir. 1988). There is no provision in the federal rules allowing the use of fictitious defendants. Fifty Assocs. v. Prudential Ins., Co., 446 F.2d 1187, 1191 (9th Cir. 1970).

Courts suggest that upon learning of the identity of the doe defendant, a party may seek to amend the complaint and have the amendment relate back in time to the original filing if circumstances are justified. Graziose v. Am. Home Prods. Corp., 202 F.R.D. 638, 643

(D.Nev.2001); *see also* Brass v. Cnty. of Los Angeles, 328 F.3d 1192, 1197–98 (9th Cir.2003). However, the Ninth Circuit has also stated that in a situation where the identity of the alleged defendants will not be known prior to the filing of the complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants unless it is clear that discovery would not uncover the identifies or that the complaint would be dismissed on other grounds. Gillespie, 629 F.2d at 642.

In this case, the plaintiff may learn the identity of unknown defendants through discovery. However, all claims currently included in the complaint are alleged against Met One. Thus, in order for the plaintiff to assert claims against an unknown party, he will have to amend his complaint to include those allegations, regardless of whether there are Doe Defendants included in the caption. For this reason, Met One's motion to strike the Does Defendants from the caption should be granted.

If such parties are later identified, the plaintiff may seek to amend the complaint and have the amendment relate back in time to the original filing if circumstances are justified. The proper method of adding new parties in the federal courts is found in Rule 15 of the Federal Rules of Civil Procedure, with particular attention to Rule 15(c) concerning the relation back to the original pleading.

### III. Motion for a More Definite Statement

Defendant Met One has moved the court for an order to make the pleadings more definite. Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e). "Motions for a more definite statement are viewed with disfavor, and are rarely granted." Cellars v. Pacific Coast Packaging,

Inc., 189 F.R.D. 575, 578 (N.D.Cal.1999) (citations omitted). Courts have noted that "Rule 12(e) motions attack the intelligibility of the complaint, not the lack of detail, and are properly denied where the complaint notifies the defendant of the substance of the claims asserted." Holdner v. Coba, 2010 WL 678112, *1 (D. Or. Feb. 25, 2010) (*quoting* Presido Group, LLC v. GMAC Mortg., LLC, 2008 WL 3992765, *1 (W.D.Wash, Aug. 25, 2008)). Thus, in evaluating a motion under Rule 12(e), the proper test is to determine "whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings." Federal Sav. and Loan Ins. Corp. v. Musacchio, 695 F.Supp. 1053, 1060 (N.D.Cal. 1988).

In this case, the plaintiff's First Amended Complaint (#63) is repetitive and replete with grammatical errors, as well as typographical errors. However, it is clear that the plaintiff alleges claims against Met One for direct and indirect patent infringement. Plaintiff has identified the applicable claims of each patent-in-suit, as well as the devices manufactured and sold by Met One that he believes infringe on those claims. This provides Met One with sufficient information to frame its responsive pleadings. As noted, the claim for emotional distress is insufficient and should be amended before the plaintiff can proceed on that claim.

## RECOMMENDATION

For the reasons stated above, Met One's motions to dismiss the emotional distress claim should be GRANTED, without prejudice. Met One's motion to strike the Doe Defendants from the caption should be GRANTED, and Met One's motion for a more definite statement of the remaining claims should be DENIED.

***This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.*** Any notice of appeal pursuant to Federal Rule of Appellate Procedure Rule 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. ***Objections to this Report and Recommendation, if any, are due no later than fourteen days after the date this recommendation is filed. If objections are filed, any response is due within fourteen days after the date the objections are filed.*** See FED. R. CIV. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED this 20 day of December, 2012.

MARK D. CLARKE
United States Magistrate Judge